IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA WALKER, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> NANCY A. BERRYHILL, Acting ) </br> Commissioner of Social Security,[1] ) </br> ) </br> Defendant. ) </br> ) | No. 16 C 11458 </br></br> Magistrate Judge </br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Pamela Walker's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum in support of reversing or remanding the Commissioner's decision, which this Court will construe as a motion for summary judgment [Doc. No.15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On March 6, 2013, Plaintiff filed a claim for DIB, alleging disability since October 22, 2012 due to arthritis in her knee, diabetes mellitus, hypertension, depression, and anxiety. (R.178–79, 202.) The claim was denied initially and upon reconsideration (R. 33.) Plaintiff, who was represented by counsel, appeared for, and testified at, a hearing before an Administrative Law Judge ("ALJ") on August 10, 2015. (R. 56–80.) Vocational expert Carrie Anderson also testified. (*Id.*)

On August 26, 2015, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled under the Social Security Act. (R. 14–24.) The Social Security Administration Appeals Council ("AC") denied review on October 19, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); (R. 1–6.)

### II. ALJ Decision

On August 26, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled (R. 14–24.) The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since October 22, 2012, her alleged onset date, and that she met the insured status requirements of the Social Security Act through December 31, 2018. (R. 16.) At step two, the ALJ concluded that Plaintiff had severe impairments of arthritis in her knee, diabetes mellitus, hypertension, obesity, spurring in her lumbar spine, depression, and anxiety. (*Id.*)

The ALJ concluded at step three that the impairments, alone or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926), (*Id.*)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[2] The ALJ concluded at step four that Plaintiff is unable to perform her past relevant work. (R. 23.) At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed such as a sorter, packer, and mail room clerk. (R. 23–24.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 24.)

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

---

[2] The ALJ determined that Plaintiff was able to:
> occasional[ly climb] ramps and stairs; never able to climb ladders, ropes, or scaffolds; occasionally able to stoop or crouch; no crawling or kneeling; needs to sit for five to [ten] minutes after standing for an hour while remaining on task and vice versa; simple, routine tasks; occasional interaction with supervisors and coworkers; no tandem tasks; and simple work-related decisions.

(R. 19.)

3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps 1–4. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

4

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the

5

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because: (1) she improperly evaluated the opinion evidence; and (2) her RFC failed to account for all of Plaintiff's mental limitations.

### A. Opinion Evidence

To begin, Plaintiff argues that the ALJ improperly discounted the opinion of her treating psychologist, Dr. Earnest Webb, Ph.D. Specifically Plaintiff argues that the ALJ: (1) impermissibly disregarded the opinion as a whole; and (2) should have weighed the opinion under the required regulatory factors. For the reasons that follow, the Court agrees.

In April 2013, Dr. Webb completed a medical statement wherein he opined that Plaintiff would "not [be] able to work due to her mental impairment of depression and anxiety." (R. 355.) Dr. Webb also noted on other occasions that Plaintiff's Global Assessment Functioning ("GAF")[3] score was 60.[4] (R. 355, 365.) The

---

[3] The GAF includes a scale ranging from 0–100, and indicates a "clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. Text Rev. 2000) (hereinafter *DSM-IV*). A GAF score of 51–60 indicates moderate symptoms (e.g., flat affect and circumstantial

6

ALJ accorded "little weight" to Dr. Webb's opinion in her decision, in part because disability determination is an issue reserved to the Commissioner. (R. 22.) While Plaintiff does not quibble with the ALJ's assertion, she argues that the ALJ mistakenly relied on this reasoning to disregard Dr. Webb's opinion entirely.

While the Court agrees with the ALJ that the ultimate issue of disability is a legal decision reserved for the Commissioner, the ALJ cannot disregard medical evidence as a whole from the treating physician. *See Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014). In evaluating a claim of disability, an ALJ "must consider all medical opinions in the record." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *see* 20 C.F.R. § 404.1527(b).

In addition to the foregoing, the Commissioner points to Plaintiff's GAF score of 60 in order to show that Dr. Webb's opinions should be given little weight. "But a GAF score is nothing more than a snapshot of a particular moment." *Sambrooks v. Colvin,* 566 Fed. App'x. 506, 511 (7th Cir. 2014). Because mental illness tends to be episodic, the ALJ cannot conclude Plaintiff has improved his condition by looking to a single GAF score where Plaintiff seems to be doing better. *See Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("But by cherry-picking [the treating psychiatrist's] file to locate a single treatment note that purportedly undermines

---

speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or coworkers). *Id.* at 34. The Court notes that the fifth edition of the DSM, published in 2013, has abandoned the GAF scale because of "its conceptual lack of clarity ... and questionable psychometrics in routine practice." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 16 (5th ed. 2013); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (recognizing that the American Psychiatric Association abandoned the GAF scale after 2012).
[4] In Dr. Webb's notes, Plaintiff's GAF score is represented under "Axis 5".

7

her overall assessment of [the claimant's] functional limitations, the ALJ demonstrated a fundamental, but regrettably all-too-common, misunderstanding of mental illness. As we have explained before, a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition") (citations omitted); *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008) ("A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days; that is true of the plaintiff in this case. Suppose that half the time she is well enough that she could work, and half the time she is not. Then she could not hold down a full-time job."). Instead, the ALJ must evaluate the totality of the evidence to explain why a single GAF score of 60 is given more weight than the multiple pages of session notes.

Second, Plaintiff argues that the ALJ did not weigh Dr. Webb's opinion using the factors set out in the regulations. Generally, even where a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010). In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or

contradict the opinion. 20 C.F.R. § 404.1527(c). The ALJ must then provide a "sound explanation" for that decision. *Punzio*, 630 F.3d at 710. Plaintiff argues that the ALJ is required to weigh Dr. Webb's opinions against all the factors outlined in 20 C.F.R. § 404.1527 and deal with each factor individually, while the ALJ claims that such step-by-step analysis is unnecessary.

Here, the ALJ afforded Dr. Webb's opinion little weight, but failed to adequately address or otherwise demonstrate consideration of many of the enumerated factors provided in 20 C.F.R. § 404.1527. Specifically, the ALJ did not analyze the nature and extent of the treatment relationship, the frequency of examination, or the supportability of the decision. While the ALJ did account for two of the six factors (Dr. Webb's specialty as a psychologist and the degree to which his opinion is consistent with the entire record), her discussion was not enough for this Court to be able to trace a path of reasoning between the evidence and her ultimate conclusions. *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) (unpublished decision) (stating that an ALJ is required to "sufficiently account [ ] for the factors in 20 C.F.R. § 404.1527."). Because the ALJ did not do so here, the Court finds remand is appropriate.

**B. RFC Mental Limitations**

Plaintiff also contends that the ALJ erred in using limitations such as "simple routine tasks" and making "simple work decisions" and having "occasional interactions with supervisors and co-workers" in the RFC to accommodate her moderate difficulties in concentration, persistence, or pace.

9

At the hearing, the ALJ asked the vocational expert ("VE") a series of increasingly restricted hypotheticals to determine whether jobs still existed in the local and national economy which Plaintiff could successfully perform. The ALJ asked the VE to consider whether a hypothetical individual with Plaintiff's same age and education, who was, among other things, limited to "simple, routine tasks; occasional interaction with supervisors and coworkers; no tandem tasks; and simple work-related decisions," could perform work in the national economy. (R. 77.) The VE replied that such an individual could work as a sorter, packer, or mailroom clerk. (R. 78.) The ALJ followed-up by adding other limitations which further restricted the jobs available to Plaintiff. (R. 78–79.)

In making her argument, Plaintiff relies on *O'Connor-Spinner v. Astrue*, where the Seventh Circuit held that, "[i]n most cases, [ ] employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." 627 F.3d 614, 620 (7th Cir. 2010). In *O'Connor-Spinner*, the ALJ's hypothetical to the VE did not include specific limitations for concentration, persistence, or pace, and instead only limited the plaintiff to "routine, repetitive tasks" with simple instructions. In remanding the case, the Seventh Circuit stated that an ALJ's hypothetical must "orient the VE to the totality of a claimant's limitations." *Id.* at 618–19. Importantly, the Seventh Circuit stated that in "most cases, the ALJ should refer expressly to limitations on concentration, persistence

and pace in the hypothetical in order to focus the VE's attention on these limitations." *Id.* at 620–21. Here, the ALJ did not do so.

The Commissioner's counter-argument is that further limitations such as "occasional interaction with supervisors and coworkers; free of tandem tasks; and simple work-related decisions" are enough to capture Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace. *Def.'s Br.* at 5–6. The Commissioner relies on *Minnick v. Colvin* to validate his argument. 14 C 50105, 2016 WL 693260, at *8 (N.D. Ill. Feb. 22, 2016). In *Minnick*, the Court found that the ALJ's similar hypothetical questions to the VE adequately accounted for the claimant's difficulties in maintaining concentration, persistence, or pace because they were based on the testimony of a medical expert who opined that the claimant could still understand, remember, and carry out simple tasks and instructions. *Id.* Here, there was no ME who testified at the hearing, thus the Commissioner's reliance on *Minnick* is misplaced. Accordingly, the Court finds that remand is required so that the ALJ's hypotheticals to the VE can adequately account for all of Plaintiff's limitations.

### C. Plaintiff's Remaining Arguments

Because remand is required, the Court need not address Plaintiff's remaining arguments at this time. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d

672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Plaintiff Pamela Walker's motion for summary judgment [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE:   June 25, 2018**

                                                    **HON. MARIA VALDEZ**
                                                    **United States Magistrate Judge**